EASTMAN KODAK COMPANY, Respondent, *v.* JACOB KLEINHANS et al., Appellants.

*Eastman Kodak Co.* v. *Kleinhans,* 102 App. Div. 619, reversed.

(Argued December 12, 1906; decided December 21, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 16, 1905, affirming a judgment in favor of plaintiff entered upon the report of a referee in an action to recover money alleged to have been overpaid and for breach of contract.

*Edmund Wetmore* and *W. G. Havens* for appellants.

*Walter S. Hubbell* for respondent.

Judgment reversed and new trial granted, costs to abide event, unless within twenty days of the service of this order plaintiff stipulates to deduct from the recovery the sum of $2,017.78,

with interest from September 27, 1899, to date of judgment, being the amount awarded for the excess of alcohol used, which award cannot be sustained under the complaint and findings, and in case of such stipulation being made, the judgment as reduced is affirmed, without costs in this court to either party; no opinion.

Concur: CULLEN, Ch. J., GRAY, O'BRIEN and CHASE, JJ. Not sitting: WERNER and HISCOCK, JJ.

EDWARD T. BARTLETT, J. (dissenting). I vote for reversal. I am of opinion that whether this transaction be regarded as a sale of goods under an executory contract, or as a sale of a "homogeneous mixture," compounded by defendants for plaintiff, as found by the referee, there can be no recovery under well-settled principles of law. The mixture was inspected by plaintiff on receipt of every shipment of cans, as found by the referee, and paid for after such inspection. The fact that the manager of plaintiff testified that he directed the cashier not to pay the bills of defendants, but to make payments only on account; that the directions were not followed, is a mere self-serving declaration, which was no part of the *res gestæ*, and improperly admitted in evidence. The cashier was not sworn.